≈JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

10-CV-3510

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARTA NAZARIO

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
TOVA WEISS, BLITSHTEIN & WEISS, P.C., 648 SECOND STREET PIKE, SOUTHAMPTON, PA 18966, (215) 364-4900

## DEFENDANTS
ACB AMERICAN, INC.

10  3510

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. SECTION 1692 ET. SEQ.
Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7/13/10
SIGNATURE OF ATTORNEY OF RECORD
[signature]

JUL 16 2010

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 333 N. Lee Street, Philadelphia, PA 19133

Address of Defendant: 1551 Winton Avenue, Convington, KY 41015

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FAIR DEBT COLLECTION PRACTICES ACT

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Tom Weiss, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/13/10     _____     74015
                  Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JUL 16 2010

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/13/10     _____     74015
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Marta Nazario | : | CIVIL ACTION |
| v. | : | |
| ACB American, Inc. | : | **10  351** |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 07/13/2010 | Tova Weiss, Esquire | Marta Nazario |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| (215) 364-4900 | (215) 364- 8050 | Weiss@lawyersbw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 16 2010

**JC**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

JUL 16 2010

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| | |
|---|---|
| MARTA NAZARIO<br>3313 N. Lee Street<br>Philadelphia, PA 19133<br><br>Plaintiff<br><br>v.<br><br>ACB AMERICAN, INC.<br>4351 Winton Avenue<br>Convington, KY 41015<br><br>and<br><br>JOHN DOES 1-10<br><br>and<br><br>XYZ CORPORATIONS<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.: |

## COMPLAINT

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. Section 1692 *et seq.*

### INTRODUCTION

1.  This is an action for damages brought by a Plaintiff, Marta Nazario, a consumer (hereafter "Plaintiff") against Defendant, ACB American, Inc.'s (hereinafter "Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from *inter alia* engaging in abusive, deceptive and unfair collection practices.



## JURIDSDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

## PARTIES

3  All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

4.  Plaintiff is Marta Nazario, an adult individual with a current address of 3313 N. Lee Street, Philadelphia, PA 19133.

5.  Defendant(s) is ACB American, Inc. , a business engaged in the practice of debt collection, said Defendant regularly conducts business in Philadelphia County and has a principal place of business located at 4351 Winton Avenue, Covington, KY 41015.

## FACTUAL BACKGROUND

6.  All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

7.  On or about June 22, 2010, within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party/ies Rosa Cosme and Wilfredo Rodriques at phone number 214-484-2389. Said telephone message read substantially as follows:

*"If you are not Martha Nazario please hang up or disconnect…If you are Martha Nazario please continue to listen to this message…there will now be a three (3) seconds pause in this message. By continuing to listen to this message you acknowledge you are Marth Nazario. This is ACB American. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-888-861-6581. Again the number is 1-888-861-6581. Thank you. Good-bye."*

8. On or about July 7, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies Rosa Cosme and Wilfredo Rodriques at phone number 214-484-2389. Said telephone message read substantially as follows:

*"Hello, this is a message for Marta Nazario. If you are not Marta Nazario please hang up or disconnect. If you are Marta Nazario please continue to listen to this message. There will now be a three (3) second pause in this message…By continuing to listen to this message you acknowledge you are Marta Nazario.This is ACB American, this is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-888-861-6581. Again, the number is 1-888-861-6581. Thank you. Good-Bye."*

9. On or about July 8, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies Rosa Cosme and Wilfredo Rodriques at phone number 214-484-2389. Said telephone message read substantially as follows:

*"Hello, this is a message for Marta Nazario. If you are not Marta Nazario please hang up or disconnect. If you are Marta Nazario please continue to listen to this message. There will now be a three (3) second pause in this message…By continuing to listen to this message you acknowledge you are Marta Nazario.This is ACB American, this is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me about an important business matter at 1-888-861-6581. Again, the number is 1-888-861-6581. Thank you. Good-Bye."*

10. On or about July 8, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies Rosa Cosme and Wilfredo Rodriques at phone number 214-484-2389. Said telephone message read substantially as follows:

> "This message is for Marta Nazario. If this is not Marta Nazario please hang up. I will now wait for three (3) seconds…My name is Leslie with ACB American we are professional debt collectors and this call is in reference to the collection of a debt. Please contact me regarding your account number JO0476. My telephone number is 1-800-899-8745 ext.1720. Thank you."

11. On or about July 9, 2010 within 365 days from the date of the filing of this Complaint, Defendant contacted Plaintiff by telephone and left one or more computerized and/or live voicemail messages with a third (3rd) party party/ies Rosa Cosme and Wilfredo Rodriques at phone number 214-484-2389. Said telephone message read substantially as follows:

> "This message is for Marta Nazario, if this is not Marta please hang up now I will pause for thirty (30) seconds…Hello Marta my name is Austin I am calling with ACB AMERICAN we are a professional debt collector and this call is in reference to the collections of a debt. Please contact my office regarding account number JO0476 at 1-800-899-8745 ext. 1708."

## COUNT ONE:
## VIOLATION OF THE FDCPA
## 15 USC 1692 et. seq.

12. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

13. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

14. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

15. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt"against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

16. Defendant violated the FDCPA, 15 U.S.C Sections, 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e(10) and 1692f in the following manner:

(a) Communicating with a person other than the consumer and failing to identify him/herself and failing to confirm or correct location information;

(b) Communicating with a person other than the consumer and stating that the consumer owes a debt;

(c) Communicating with a third party;

(d) Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

(e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

(g) Using false representation or deceptive manes to collect or attempt to collect any debt or to obtain information concerning a consumer; and

  (h)  Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

17. Defendant engaged in per se violations of the FDCPA, 15 U.S.C. sections 1692b 1692b(1), 1692b(2), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e(10) and 1692f. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN V. NCO FINANCIAL SYSTEMS, INC., United Stated District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTION, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.

18. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

19. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

20. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

21. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

22. Any mistake made by Defendant would have included a mistake of Law.

23. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

24. Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b) Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A);

Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3). To date Attorney's Fees at a rate of $350.00 per hour plus costs.

Plaintiff's attorney fees continue to accrue as the case move forward.

(d) All other relief that the Court deems just and proper.

## COUNT II
## INVASION OF PRIVACY

25. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

26. Defendant's continuous and repeated telephone calls to third parties constitutes an invasion of privacy.

27. As a result of Defendant's conduct, as pleaded above, Plaintiff sustained and continues to sustain damages and emotional distress.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant and seeks compensatory and punitive damages against Defendant and all other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

29. Plaintiff demand trial by jury on all triable issues.

Respectfully Submitted,<br>
**BLITSHTEIN & WEISS, P.C.**

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: July 13, 2010